**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware_____
(State)

Case number (*if known*): _____ Chapter _11_

❑ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy        06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**                    Nikola Energy Company LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)        8  1  –  3  7  9  0  7  0  6

4. **Debtor's address**

   **Principal place of business**

   4141 East Broadway Road
   Number      Street

   Phoenix              AZ        85040
   City                  State      ZIP Code

   Maricopa
   County

   **Mailing address, if different from principal place of business**

   Number        Street

   P.O. Box

   City                State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number        Street

   City                State      ZIP Code

5. **Debtor's website** (URL)        https://www.nikolamotor.com/

| Debtor | Nikola Energy Company LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3</u>  <u>3</u>  <u>6</u>  <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.  District _____  When _____  Case number _____
         MM / DD / YYYY
         District _____  When _____  Case number _____
         MM / DD / YYYY

Debtor    Nikola Energy Company LLC    Case number *(if known)*_____
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.    Debtor    See Schedule 1    Relationship    Affiliate

District    D. Del.    When    02/19/2025
                                    MM  /  DD  / YYYY

Case number, if known    _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number        Street

_____

City                                         State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☑ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor    Nikola Energy Company LLC                                    Case number (if known)_____
          Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/19/2025
              MM  / DD / YYYY

✘ /s/ Britton M. Worthen                        Britton M. Worthen
Signature of authorized representative of debtor    Printed name

Title Authorized Signatory

**18. Signature of attorney**

✘ /s/ M. Blake Cleary              Date   02/19/2025
Signature of attorney for debtor           MM  / DD / YYYY

M. Blake Cleary
Printed name

Potter Anderson & Corroon LLP
Firm name

1313 North Market Street, 6th Floor
Number      Street

Wilmington                          DE        19801
City                                State     ZIP Code

(302) 984-6000                      bcleary@potteranderson.com
Contact phone                       Email address

3614                                DE
Bar number                          State

## Schedule 1

### Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Nikola Corp.

| | Debtor | Tax ID # |
|---|---|---|
| 1 | Nikola Corporation | 82-4151153 |
| 2 | Nikola Properties, LLC | 92-3313648 |
| 3 | Nikola Subsidiary Corporation | 82-2361876 |
| 4 | Nikola Motor Company LLC | 82-2520193 |
| 5 | Nikola Energy Company LLC | 81-3790706 |
| 6 | Nikola Powersports LLC | 82-2526771 |
| 7 | Nikola H2 2081 W Placentia Lane LLC | N/A |
| 8 | 4141 E Broadway Road LLC | N/A |
| 9 | Free Form Factory Inc. | 30-0852510 |
| 10 | Nikola Desert Logistics LLC | N/A |

## ACTION BY UNANIMOUS WRITTEN CONSENT

## OF THE BOARD OF DIRECTORS OF

## NIKOLA CORPORATION

Pursuant to Section 141(f) of the General Corporation Law of Delaware and the Bylaws of Nikola Corporation, a Delaware corporation (the "Company"), the undersigned, constituting all of the members of the board of directors (the "Board"), hereby take the following actions and adopt the following resolutions by unanimous written consent without a meeting:

WHEREAS, the Board has previously established a Strategic Advisory Committee (the "Committee") to work with management to interact with the Company's financial advisors and to review and evaluate potential alternatives for the Company in the event negotiations with certain strategic investors are not successful or do not result in an investment in the Company, which potential alternatives may include but are not limited to additional financing alternatives, alternative strategic transactions involving the Company, debt refinancing or restructuring alternatives (other than reorganization, liquidation or other relief under bankruptcy, insolvency or similar laws), and actions involving the reduction or cessation of certain operations or operating expenses of the Company; provided, however, that except as otherwise provided in the Board resolutions establishing the Committee, the Committee is to function in an advisory role and only the Board shall have the authority to approve any definitive action or agreement relating to any such alternatives;

WHEREAS, in light of the consideration by the Board of filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Case"), the Board is desirous of expanding the authority previously delegated to the Committee, and of reducing the size of the Committee to three members.

NOW, THEREFORE, BE IT RESOLVED, that, in addition to the authority previously delegated to it, the Committee shall have the authority to evaluate, investigate and analyze any claims and/or causes of action asserted by or against any current or former employee, officer, director, or stockholder of the Company or any affiliate thereof in connection with any potential plan of reorganization or liquidation proposed in the Chapter 11 Case;

RESOLVED FURTHER, that, to the fullest extent permitted by applicable law, the Committee is hereby authorized and is delegated the authority to, as the Committee deems appropriate or desirable in its discretion, to take any action with respect to the authority granted to it by the Board; and

RESOLVED FURTHER, that Steven M. Shindler, Jonathan M. Pertchik and Carla M. Tully be and hereby are designated on and after the date hereof to serve as the members of the Committee, each such member to serve until his or her successor has been duly designated or until his or her earlier resignation or removal.

4921-8068-8154.v7

**Omnibus**

  RESOLVED, that the President and Chief Executive Officer, the Chief Financial Officer and the Chief Legal Officer and Secretary of the Company, each with full power to act alone, be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to carry out and fully perform the terms and provisions of each document delivered pursuant to the foregoing resolutions, and to execute, deliver and, where called for by the particular document, affix the seal of the Company to all such consents, agreements, certificates, instruments and other documents, to make all such payments, and to do and perform all such other acts and things as such officer may deem necessary, appropriate or convenient, as conclusively evidenced by such action by such officer in order to carry into effect the foregoing resolutions and each document as delivered pursuant thereto, all such action heretofore taken being hereby ratified, confirmed and approved.

This Unanimous Written Consent may be signed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

Date: _____2/18/2025_____

_____
Steven M. Shindler

Date: _____2/18/2025_____

_____
Stephen J. Girsky

Date: _____2/18/2025_____

_____
Michael L. Mansuetti

Date: _____2/18/2025_____

_____
Jonathan M. Pertchik

Date: _____2/18/2025_____

_____
Mary L. Petrovich

Date: _____2/18/2025_____

_____
Bruce L. Smith

Date: _____2/18/2025_____

_____
Carla M. Tully

Date: _____2/18/2025_____

_____
John C. Vesco

Date: _____2/18/2025_____

_____
Andrew M. Vesey

*[Signature Page to Unanimous Written Consent (Nikola Corporation)]*

**OMNIBUS ACTION BY WRITTEN CONSENT**
**IN LIEU OF A MEETING OF**
**THE GOVERNING BODIES OF**
**Nikola Corporation; Nikola Properties, LLC; Nikola Subsidiary Corporation; Nikola Motor Company, LLC; Nikola Energy Company, LLC; Nikola Powersports, LLC; Free Form Factory, Inc.; Nikola H2 2081 W Placentia Lane LLC; 4141 East Broadway RD LLC; and Nikola Desert Logistics LLC**

The undersigned, being all of the members of the boards of directors or the sole member, as applicable (each, a "Governing Body" and collectively, the "Governing Bodies"), of Nikola Corporation ("Nikola"); Nikola Properties, LLC; Nikola Subsidiary Corporation; Nikola Motor Company, LLC; Nikola Energy Company, LLC; Nikola Powersports, LLC; Free Form Factory, Inc.; Nikola H2 2081 W Placentia Lane LLC; 4141 East Broadway RD LLC; and Nikola Desert Logistics LLC (each, a "Company" and together, the "Companies"), hereby consent, in accordance with the organizational documents of each Company and applicable state laws, to the following actions and adopt the following resolutions with respect to each Company in lieu of a meeting effective as of the date hereof.

<u>Chapter 11 Filing</u>

WHEREAS, each Governing Body has considered presentations by the financial and legal advisors of each of the Companies regarding the liabilities and liquidity situation of each of the Companies, the strategic alternatives available to each of the Companies, and the effect of the foregoing on each Company's business;

WHEREAS, each Governing Body has had the opportunity to consult with the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, each Governing Body has had the opportunity to consult with the financial and legal advisors of the Companies and review chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the preparation materials provided by the financial and legal advisors, and each Governing Body recommends the adoption of these resolutions.

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company (including considering its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law;

RESOLVED FURTHER, that any member, officer, or director of each Company, or any other duly appointed officer or other person acting at the direction of the foregoing officers of each Company (individually, the "Authorized Signatory" collectively, the "Authorized

Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, motions, chapter 11 plans, and other papers or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain relief under chapter 11 of the Bankruptcy Code, including any action necessary to maintain the ordinary course operation of each Company's business;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by any Authorized Signatory to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the ordinary course operations of the Company during the Chapter 11 Case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for its prior approval; and

RESOLVED FURTHER, that all acts and deeds previously performed by any of the Authorized Signatories or officers of any of the Companies before the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Companies.

## Retention of Professionals

WHEREAS, each Governing Body has considered presentations by the financial and legal advisors of each Company regarding the retention of such financial and legal advisors by each Company.

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), as bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain Pillsbury;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ Potter Anderson & Corroon LLP ("Potter Anderson"), as bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain Potter Anderson;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the firm of Houlihan Lokey Capital, Inc. ("Houlihan"), as the Companies' investment banker to assist the Companies in connection with one or more financing, sale or other strategic transactions involving the Companies' assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain Houlihan;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ Epiq Corporate Restructuring, LLC ("Epiq"), as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain Epiq;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ M3 Advisory Partners, LP ("M3"), as the Companies' financial advisor; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain M3;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper, or convenient; and

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## Sales and Bidding Procedures

RESOLVED FURTHER, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of each respective Company, its creditors, and other parties in interest, and each respective Company be and it hereby is authorized to (i) file the motion (the "Sale Motion") with the Bankruptcy Court to request, among other things, the Bankruptcy Court's approval of (a) one or more sale transactions (each, a "Sale") of all, substantially all, or a

portion of the Debtors' assets, (b) the commencement of a marketing and sale process in the chapter 11 case for Sale transactions (the "<u>Sale Process</u>"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Sale Motion (such bidding procedures, in the form approved by the Bankruptcy Court, the "<u>Bidding Procedures</u>") and (ii) commence and implement the Sale Process;

RESOLVED FURTHER, that the Authorized Signatories, and any employees or agents (including counsel) designated by or directed by any such Authorized Signatories, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of each respective Company, to take any and all other actions as they may deem necessary or advisable to (i) file the Sale Motion with the Bankruptcy Court, (ii) commence and implement the Sale Process as contemplated in the Bidding Procedures, (iii) grant access to due diligence materials and other confidential information regarding the assets of the Company and the applicable subsidiaries to participants in the Sale Process in accordance with the Bidding Procedures, and (iv) in connection with the access referenced above, negotiate and execute non-disclosure agreements between each respective Company, its subsidiaries, and the participants in the Sale Process protecting the confidentiality of certain due diligence materials and other confidential information; and

RESOLVED FURTHER, that the Authorized Signatories, and any employees or agents (including counsel) designated by or directed by any such Authorized Signatories be, and each of them hereby is, authorized, empowered and directed, in the name of and on behalf of each respective Company, to take any and all other actions as they may deem necessary or advisable to, in each respective Company's capacity as stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner, or member of any of its subsidiaries and/or other entities that are debtors in the Chapter 11 Cases and that will take part in the Sale Process, to cause such subsidiaries and/or other entities to execute, to deliver and to perform any of the actions contemplated with respect to the Sale Process, the Bidding Procedures, and these resolutions or the transactions contemplated hereby.

## General Resolutions

RESOLVED FURTHER, that the Authorized Signatories of each of the Companies be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and/or certificates and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of any of the foregoing resolutions;

RESOLVED FURTHER, that the Authorized Signatories be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses permitted under applicable law as in their good faith judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions;

RESOLVED FURTHER, that each Governing Body of each Company has received sufficient notices of the actions and transactions relating to the matters contemplated by any of the foregoing resolutions, as may be required by the organizational documents of each Company,

or hereby waive any right to have received such notices;

RESOLVED FURTHER, that each of the members of the board of managers, board of directors, restructuring committees, the sole member, the manager or the managing member, as applicable, hereby irrevocably waives notice of the time, place, and purposes of a meeting and any adjournments thereof, to the extent such notice is required by the applicable organizational documents of each Company;

RESOLVED FURTHER, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of any Company by any officer, director, or other Authorized Signatory of any Company in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to the Governing Bodies for approval prior to such actions being taken; and

RESOLVED FURTHER, that any Authorized Signatory of any of the Companies is hereby authorized to certify to third parties with respect to adoption of any of the foregoing resolutions in the form and substance satisfactory to them.

*[Remainder of page intentionally left blank]*

5

The undersigned agree that this Omnibus Action by Written Consent in Lieu of a Meeting of the Governing Bodies shall be added to the corporate records of each Company and made a part thereof, and the undersigned further agree that the resolutions set forth hereinabove shall have the same force and effect as if adopted at a meeting duly noticed, held, called, and constituted pursuant to each Company's organizational documents and the applicable laws of the jurisdiction in which such Company is organized. Scanned or electronic signatures shall be acceptable as originals.

*[Signature pages follow]*

**Board of Directors of NIKOLA CORPORATION**:

Date: _____    2/18/2025

_____
Steven M. Shindler

Date: _____    2/18/2025

_____
Stephen J. Girsky

Date: _____    2/18/2025

_____
Michael L. Mansuetti

Date: _____    2/18/2025

_____
Jonathan M. Pertchik

Date: _____    2/18/2025

_____
Mary L. Petrovich

Date: _____    2/18/2025

_____
Bruce L. Smith

Date: _____    2/18/2025

_____
Carla M. Tully

Date: _____    2/18/2025

_____
John C. Vesco

Date: _____    2/18/2025

_____
Andrew M. Vesey

*[Signature Page to Omnibus Action by Written Consent]*

**Sole Director of NIKOLA SUBSIDIARY CORPORATION**:

Date: _____    2/18/2025

_____
Britton M. Worthen

**Sole Director of FREE FORM FACTORY, INC.:**

Date: _____    2/18/2025

_____
Britton M. Worthen

**NIKOLA PROPERTIES, LLC**
**NIKOLA MOTOR COMPANY, LLC**
**NIKOLA ENERGY COMPANY, LLC**
**NIKOLA POWERSPORTS, LLC**
**4141 EAST BROADWAY RD LLC**
**NIKOLA DESERT LOGISTICS LLC**

By: Nikola Corporation, its sole member

By: _____
Name:  Britton M. Worthen
Title:  Chief Legal Officer


**NIKOLA H2 2081 W PLACENTIA LANE LLC**

By: Nikola Properties, LLC, its sole member

    By: Nikola Corporation, its sole member

    By: _____
    Name:  Britton M. Worthen
    Title:  Chief Legal Officer

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Nikola Energy Company LLC | |
| United States Bankruptcy Court for the:        District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): | |

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. SECURITIES AND EXCHANGE COMMISSION 100 F STREET NEMAIL STOP 5631 WASHINGTON, DISTRICT OF COLUMBIA  20549-0022 USA | CONTACT: JOHN P. TAVANAASSISTANT CHIEF LITIGATION COUNSELDIVISION OF ENFORCEMENT PHONE: (202) 551-7947 TAVANAJ@SEC.GOV | GOVERNMENT SETTLEMENT | U | | | $80,200,000.00 |
| 2 | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION WEST SIDE FLATS, ST. PAUL 60 LIVINGSTON AVENUE SAINT PAUL, MN  55107 USA | CONTACT: ATTN: GLOBAL CORPORATE TRUST, BRANDON J BONFIG PHONE: (651) 466-6619 BRANDON.BONFIG@USBANK .COM | JUNE 2022 CONVERTIBLE TOGGLE NOTES | U | | | $31,782,344.00 |
| 3 | ROBERT BOSCH, LLC 38000 HILLS TECH DR. FARMINGTON HILLS, MI  48336 USA | CONTACT: NATALIA RAMIREZ PHONE: (708) 865-5200 NATALIA.RAMIREZ@BOSCH.C OM | TRADE DEBT | U | | | $13,322,781.46 |
| 4 | BLOCK & LEVITON LLP JEFFREY C. BLOCK JACOB A. WALKER MICHAEL GAINES 260 FRANKLIN STREET, SUITE 1860 BOSTON, MA 02110  POMERANTZ LLP JEREMY A. LIEBERMAN MICHAEL J. WEMKE 600 THIRD AVENUE, 20TH FLOOR NEW YORK, NY 10016 | | CLASS ACTION LITIGATION SETTLEMENT | U | | | $13,000,000.00 |

**Debtor:** Nikola Energy Company LLC

**Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION WEST SIDE FLATS, ST. PAUL 60 LIVINGSTON AVENUE SAINT PAUL, MN  55107 USA | CONTACT: ATTN: GLOBAL CORPORATE TRUST, BRANDON J. BONFIG PHONE: (651) 466-6619 BRANDON.BONFIG@USBANK .COM | JUNE 2023 CONVERTIBLE TOGGLE NOTES | U | | | $12,394,655.29 |
| 6 | ROBERT BOSCH LLC (EUR) ROBERT-BOSCH-PLATZ 1 70839 GERLINGEN BADEN-WURTTEMBERG GERMANY | | TRADE DEBT | U | | | $4,053,950.53 |
| 7 | THE LION ELECTRIC COMPANY C/O BABST CALLAND TWO GATEWAY CENTER PITTSBURGH, PA  15222 USA | CONTACT: ATTN: MARK SHEPARD PHONE: 412.394.5400 MSHEPARD@BABSTCALLAND .COM | LITIGATION SETTLEMENT | U | | | $3,250,000.00 |
| 8 | IVECO S.P.A VIA PUGLIA, 35 PIEDMONT, TORINO  10156 ITALY | CONTACT: VERONICA TEANIO PHONE: +39 011 0072111 VERONICA.TEANIO@ICCAPIT AL.COM | TRADE DEBT | U | | | $2,483,432.23 |
| 9 | AMERICAN AIR LIQUIDE HOLDINGS, INC. 9101 LBJ FREEWAY SUITE 800 DALLAS, TX  75243 USA | PHONE: (713) 624-8000 ALLIUS.BILLING@AIRLIQUIDE. COM | TRADE DEBT | U | | | $1,242,366.20 |
| 10 | MICROSOFT CORPORATION BUILDING LC1 7000 STATE HWY 161 IRVING, TX  75039 USA | MSCREDIT@MICROSOFT.CO M | INFORMATION TECHNOLOGY SERVICES | U | | | $1,025,610.70 |
| 11 | ZF NORTH AMERICA, INC. 15811 CENTENNIAL DRIVE NORTHVILLE, MI  48168 USA | CONTACT: BRAD MALONEY PHONE: (770) 297-4038 BRAD.MALONEY@ZF.COM | TRADE DEBT | U | | | $1,013,164.20 |
| 12 | BDO USA LLP 338 SIXTH AVE 8TH FLOOR PITTSBURGH, PA  15264 USA | PHONE: (212) 885-8000 | PROFESSIONAL SERVICES | U | | | $1,000,000.00 |
| 13 | HEXAGON PURUS GMBH HANNOVERSCHE STR. 1 KASSEL, HESSEN  34134 GERMANY | CONTACT: ADRIAN GRIESAM PHONE: 561 58549 0 ADRIAN.GRIESAM@HEXAGO NPURUS.COM | TRADE DEBT | U | | | $951,563.87 |
| 14 | ANSYS, INC. 2600 ANSYS DRIVE CANONSBURG, PA  15317 USA | PHONE: (847) 448-7075 US.RECEIVABLES@ANSYS.CO M | INFORMATION TECHNOLOGY SERVICES | U | | | $914,000.00 |
| 15 | CHART INC. 2200 AIRPORT INDUSTRIAL DR. SUITE 100 BALL GROUND, GA  30107 USA | CONTACT: REID LARSON REID.LARSON@CHARTINDUS TRIES.COM | TRADE DEBT | U | | | $755,648.40 |

**Debtor:** Nikola Energy Company LLC

**Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 16   ALTAIR ENGINEERING INC. DEPT 771419 PO BOX 77000 DETROIT, MI 48277 USA | PHONE: 214-614-2400-464 ACCTSREC@ALTAIR.COM | TRADE DEBT | U | | | $555,002.00 |
| 17   DUOTEC DE NORTEAMERICA S DE RL DE CV BLVD. CAMPESTRE NO. 100 ARTEAGA, COAHUILA 25350 MEXICO | CONTACT: ELI OLIVAREZ PHONE: (844) 205-6695 ELI.OLIVAREZ@DUOTEC.NET | TRADE DEBT | U | | | $549,264.00 |
| 18   FIRST INSURANCE FUNDING PO BOX 7000 CAROL STREAM, IL 60197 USA | PHONE: (800) 837-2511 CSR@FIRSTINSURANCEFUNDING.COM | INSURANCE SERVICE | U | | | $536,074.98 |
| 19   FIEDLER GROUP 299 N. EUCLID AVE SUITE 550 PASADENA, CA 91101 USA | PHONE: (213) 381-7891 FGAR@FIEDLERGROUP.COM | TRADE DEBT | U | | | $481,051.95 |
| 20   NORMA MI, INC. DEPT CH17380 PALATINE, IL 60055 USA | CONTACT: PIETRO PALLI PHONE: 602-454-1500 PIETRO.PALLI@NORMAGROUP.COM | TRADE DEBT | U | | | $461,886.68 |
| 21   KNORR BRAKE HOLDING CORPORATION 1850 RIVERFORK DRIVE HUNTINGTON, IN 46750 USA | PHONE: (440) 329-9000 AR@BENDIX.COM | TRADE DEBT | U | | | $454,370.09 |
| 22   SAP AMERICA, INC. 3999 WEST CHESTER PIKE NEWTOWN SQUARE, PA 19073 USA | PHONE: (484) 422-3972 FINANCEAR@SAP.COM | INFORMATION TECHNOLOGY SERVICES | U | | | $416,795.99 |
| 23   AZTEK TECHNOLOGIES S.A. DE C.V. CARRETERA MONTERREY-GARCIA KM 3, AV SANTA CATARINA, NUEVO LEON 66367 MEXICO | PHONE: (818) 048-0415 COBRANZA@AZTEKTEC.COM | TRADE DEBT | U | | | $337,068.16 |
| 24   SENVIAS, INC. 373 MARKET STREET WARREN, RI 02285 USA | PHONE: (401) 247-4010 D.DESANTO@SENVIAS.COM | TRADE DEBT | U | | | $332,680.00 |
| 25   COMMERCIAL VEHICLE GROUP, INC 15705 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 USA | PHONE: (614) 289-5258 ACCOUNTS.RECEIVABLE@CVGRP.COM | TRADE DEBT | U | | | $315,784.41 |
| 26   SMITHERS TIRE & AUTOMOTIVE TESTING 121 S. MAIN STREET SUITE 300 AKRON, OH 44308 USA | PHONE: (330) 762-7441 RMILLER@SMITHERS.COM | TRADE DEBT | U | | | $311,140.00 |

Debtor: Nikola Energy Company LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27   ALLISON TRANSMISSION, INC. LOCKBOX 232288. 2288 MOMENTUM PL CHICAGO, IL  60689 USA | CONTACT: SANDRA JONES PHONE: (317) 242-7098 SANDRA.JONES@ALLISONTR ANSMISSION.COM | TRADE DEBT | U | | | $303,600.00 |
| 28   ARBOMEX LCM, S.A. DE C.V. NORTE 7 NO. 102, CD. INDUSTRIAL GUACELAYA CELAYA, GUANAJUATO  38010 MEXICO | CONTACT: LUIS TOVAR PHONE: (473) 134-6020 LUIS.TOVAR@ARBOMEX.CO M.MX | TRADE DEBT | U | | | $302,335.89 |
| 29   CWL HOLDING COMPANY LLC 1500 RANKIN ROAD SUITE 400 HOUSTON, TX  77073 USA | PHONE: (480) 319-8200 CWWREMIT@CRANEWW.CO M | TRADE DEBT | U | | | $276,081.59 |
| 30   OMR SPA VIA CARAVAGGIO, 3 REMEDELLO BRESCIA, MILAN  25010 ITALY | A.SALARDI@OMRSPA.COM | TRADE DEBT | U | | | $267,861.61 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the

debtors in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"),

hereby state as follows:

1.  No publicly traded corporation owns more than 10% of Debtor Nikola Corp.'s equity

interests.

2.  Debtor Nikola Properties, LLC is 100% owned by Debtor Nikola Corp.

3.  Debtor Nikola Subsidiary Corporation is 100% owned by Debtor Nikola Corp.

4.  Debtor Nikola Motor Company LLC is 100% owned by Debtor Nikola Subsidiary Corp.

5.  Debtor Nikola Energy Company LLC is 100% owned by Debtor Nikola Subsidiary Corp.

6.  Debtor Nikola Powersports LLC is 100% owned by Debtor Nikola Subsidiary Corp.

7.  Debtor Free Form Factory Inc. is 100% owned by Debtor Nikola Corp.

8.  Debtor Nikola H2 2081 W Placentia Lane LLC is 100% owned by Debtor Nikola

Properties, LLC.

9.  Debtor 4141 E Broadway Road LLC is 100% owned by Debtor Nikola Corp.

10. Debtor Nikola Desert Logistics LLC is 100% owned by Debtor Nikola Corp.

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).  The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CERTIFICATION OF DEBTORS' CREDITOR MATRIX

In accordance with rule 1007(a) of the Federal Rules of Bankruptcy Procedure and rule 1007-2(a) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a list of creditors (the "Creditor Matrix") of the above-captioned debtors and debtors in possession (the "Debtors") is filed contemporaneously herewith.

The Creditor Matrix has been prepared from the Debtors' books and records. The undersigned, Stephen J. Girsky of the Debtors, hereby certifies that the Creditor Matrix contains the names and addresses of all creditors of the Debtors that could be ascertained after diligent inquiry, based on a review of the Debtors' books and records and is consistent with the information contained therein. To the extent practicable, the Creditor Matrix complies with Local Rule 1007-1(a). The Debtors reserve the right to amend or supplement the Creditor Matrix as necessary.

Although the information contained in the Creditor Matrix is based on a review of the Debtors' books and records, the Debtors have not completed a comprehensive legal and/or factual investigation with regard to possible defenses of the Debtors and their estates to any claims of the

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

potential claimants included in the Creditor Matrix.  In addition, certain of the parties included in the Creditor Matrix may not hold outstanding claims as of the date hereof, and therefore may not be creditors of the Debtors and their estates for purposes of these chapter 11 cases.  Therefore, the Creditor Matrix does not and should not be deemed or otherwise construed to constitute either (i) a waiver of any defense of the Debtors and their estates to any claim that may be asserted against the Debtors or their estates or (ii) an acknowledgement or admission of the validity, priority, or amount of any claim that may be asserted against the Debtors or their estates.

Dated: February 19, 2025

*/s/ Stephen J. Girsky*
Stephen J. Girsky
President and Chief Executive Officer

**Fill in this information to identify the case and this filing:**

Debtor Name  Nikola Energy Company LLC

United States Bankruptcy Court for the: _____ District of Delaware
                                                                              (State)

Case number (*If known*):  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration Corporate Ownership Statement/Certification of Creditor Matrix _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/19/2025                    ✖ /s/ Britton M. Worthen _____
                   MM / DD / YYYY                         Signature of individual signing on behalf of debtor


                                                         Britton M. Worthen _____
                                                         Printed name

                                                         Authorized Signatory _____
                                                         Position or relationship to debtor